EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEPHEN A. CAZARES (Cal. Bar No. 201864)
KERI CURTIS AXEL (Cal. Bar No. 186847)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0707/5421
    Facsimile: (213) 894-6269
    E-mail:    Steve.Cazares@usdoj.gov
               Keri.Axel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>FLORIAN WILHELM JURGEN HOMM et al.,<br><br>       Defendants. | No. CR 13-00183(A)-JAK<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT TODD FICETO'S MOTION TO UNSEAL GOVERNMENT FILINGS IN SUPPORT OF APPLICATIONS FOR EXTENSIONS OF THE STATUTE OF LIMITATIONS BASED ON OVERSEAS DISCOVERY AND FOR RELATED DISCOVERY; MEMORNDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHEN A. CAZARES; EXHIBITS<br><br>Hearing Date: January 5, 2017<br>Hearing Time: 8:30 a.m.<br>Location: Courtroom of the<br>          Hon. John A. Kronstadt |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Stephen A. Cazares, hereby files then Government's Opposition to Defendant Todd Ficeto's Motion to Unseal Government Filings in Support of Applications for Extensions of the Statute of Limitations Based on Overseas Discovery

1  and for Related Discovery; Declaration of Stephen A. Cazares;

2  Exhibits (the "Government's Opposition").

3      The Government's Opposition is based upon the attached

4  memorandum of points and authorities, the declaration of Stephen A.

5  Cazares and the exhibits attached thereto, the files and records in

6  this case, and such further evidence and argument as the Court may

7  permit.

8  Dated: December 20, 2016          Respectfully submitted,

9                                    EILEEN M. DECKER
                                      United States Attorney
10
                                      LAWRENCE S. MIDDLETON
11                                    Assistant United States Attorney
                                      Chief, Criminal Division
12

13                                         /s/ *Stephen A. Cazares*
                                      STEPHEN A. CAZARES
14                                    Assistant United States Attorney

15                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

TABLE OF AUTHORITIES.................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.    INTRODUCTION..................................................1

II.   STATEMENT OF FACTS...........................................2

      A.    Requests Suspending the Running of the Statutes of
            Limitations............................................2

            1.    The Swiss Application and Swiss Tolling Order #1.....2

            2.    Isle of Man Application and Tolling Order...........3

            3.    Netherlands Application and Tolling Order...........4

            4.    United Kingdom Application and Tolling Order........5

            5.    Second Swiss Application and Final Tolling Order.....6

      B.    Defendant Ficeto's Requests for Discovery Related to
            the Government's Applications to Suspend the Running
            of the Statutes of Limitations.........................7

      C.    Tolling Agreements Signed by Defendant Ficeto...........8

III.  ARGUMENT.....................................................9

      A.    Defendant Ficeto Offers No Authority for Public
            Disclosure of the Government's Filings Sealed Under
            Rule 6(e).............................................10

      B.    Defendant Cannot Establish that the Requested Filings
            and Related Communications with Foreign Authorities
            are Material to Preparing the Defense..................11

            1.    Requirements Under Section 3292....................11

            2.    Defendant Ficeto Cannot Show that Disclosure of
                  the Government's Applications and Supporting
                  Evidence is Material to the Defense ..............13

IV.   CONCLUSION..................................................15

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                    PAGE

**FEDERAL CASES:**

DeGeorge v. U.S. Dist. Court,
   219 F.3d 930 (9th Cir. 2000) ................................... 12

United States v. Bischel,
   61 F.3d 1429 (9th Cir. 1995) ............................. 12, 13

United States v. DeGeorge,
   380 F.3d 1203 (9th Cir. 2004) ................................. 12

United States v. Fowlie,
   24 F.3d 1059 (9th Cir. 1994) ................................. 10

United States v. Index Newspapers L.L.C.,
   766 F.3d 1072 (9th Cir. 2014) ................................. 10

United States v. Jenkins,
   633 F.3d 788 (9th Cir. 2011) ........................ 11, 12, 14

United States v. Meador,
   138 F.3d 986 (5th Cir. 1998) ................................. 13

United States v. Trainor,
   376 F.3d 1325 (11th Cir. 2004) ............................... 12

**FEDERAL STATUTES:**

18 U.S.C. § 3292 ..................................... passim

**FEDERAL RULES OF CRIMINAL PROCEDURE**

Fed. R. Crim. P. 6(e) ................................. 1, 10

Fed. R. Crim. P. 6(e)(3)(E)(ii) ......................... 10

Fed. R. Crim. P. 6(e)(6) ............................. passim

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Todd Ficeto ("defendant Ficeto") asks this Court to unseal and make public confidential government filings requesting the suspension of the applicable statutes of limitations in this case based on requests for overseas evidence under 18 U.S.C. § 3292.  The subject filings were made by the government in the course of a federal grand jury investigation and were properly ordered sealed pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure by the respective United States District Court Judges who reviewed and approved the sealed filings and granted the government the requested relief.

In support of his motion, defendant FICETO offers no legal authority under the Federal Rules of Criminal Procedure, any federal statute, or case law supporting the public disclosure of the filings containing confidential grand jury information.  Defendant Ficeto's motion also ignores the grand jury secrecy requirements and objectives that remain even after indictments in this case were returned by the grand jury, including that the filings reference involvement by individuals not charged with any crimes, individuals charged with less than all of the offense conduct described in the documents, and descriptions of the grand jury investigation. Moreover, the still sealed applications, declarations and attached evidence contain personal identification information, bank account information, and account numbers that should remain non-public regardless of the applicability of the grand jury secrecy rules.

Defendant's motion is nothing but an attempt to circumvent the rules governing discovery in criminal cases because, as defendant

well knows, there is no discovery basis under Rule 16, the Jenks Act, or case law supporting his demand for access to the subject filings. The fishing expedition for which defendant Ficeto seeks the Court's blessing is demonstrated by the fact that his motion shifts from just a motion to unseal the filings submitted to the respective courts, to a request for an order that the government "produce" the applications to defendant in their entirety "along with . . . , communications between the United States and the relevant foreign government[s] . . . , and the evidence to demonstrate when each government took final action on each request."  Defendant Ficeto wants this Court to permit him to rummage through the government's investigative files in order to test the veracity of the declarations already disclosed to him without demonstrating to this Court any reason to believe the declarations were inaccurate or insufficient.

For all of these reasons, this Court should deny defendant Ficeto's motion.

## II.   STATEMENT OF FACTS

### A.   Requests Suspending the Running of the Statutes of Limitations

#### 1.   The Swiss Application and Swiss Tolling Order #1

On March 12, 2013, the government filed, under seal and in camera under Fed. R. Crim. P. 6(e)(6), an eighteen page application, including a more than three page description of the conduct and statutory offenses under investigation, to suspend the running of the statutes of limitations in this investigation based on a September 19, 2012 official request for assistance submitted to authorities of the Swiss Confederation ("Swiss Application #1").  (Def. ex. 1; Cazares Decl. ¶ 2).  Swiss Application #1 was supported by a three

and a half page sworn declaration by the prosecutor that: (1) verified the statement of facts summarizing the investigation contained in the application; (2) described and enclosed seven documentary exhibits, including financial records, disclosure filings with the Internal Revenue Service, and an order of the Swiss Federal Criminal Court freezing certain Swiss bank accounts connected to co-defendant Florian Homm, all demonstrating the reasonable likelihood that evidence of the securities fraud under investigation was likely to be found in Switzerland; and (3)enclosed a copy of Swiss Application #1.  (Def. Ex. 6).

On March 12, 2013, the Honorable Michael W. Fitzgerald, United States District Court Judge, issued the Under Seal Findings and Order Suspending the Statutes of Limitations Based on Requests for Foreign Evidence ("Swiss Tolling Order #1"), suspending the statutes of limitations in this case beginning September 19, 2013 and lasting until Swiss Authorities take "final action" on the request, not to exceed three years or September 19, 2015.  (Def. ex. 1).

2.   Isle of Man Application and Tolling Order

On May 13, 2013, the government filed, under seal and in camera under Fed. R. Crim. P. 6(e)(6), a sixteen page application, including more than three pages describing the conduct and statutory offenses under investigation, to suspend the running of the statutes of limitations in this investigation based on a January 24, 2013 official request for assistance submitted to authorities of the Isle of Man ("Isle of Man Application").  (Def. Ex. 2; Cazares Decl. ¶ 3).  The Isle of Man Application was supported by a three page sworn declaration by the prosecutor that: (1) verified the statement of facts summarizing the investigation contained in the application;

3

(2) identified Fortis Prime Fund Solution Isle of Man as the administrator to the Absolute Capital hedge funds at issue in the investigation and enclosed an email communication between a representative of the administrator and Absolute Capital, thereby demonstrating the reasonable likelihood that evidence of the securities fraud under investigation was likely to be found in the Isle of Man; and (3)enclosed a copy of the Isle of Man Application. (Def. Ex. 7).

On May 13, 2013, the Honorable Dean D. Pregerson, United States District Court Judge, issued the Under Seal Findings and Order Suspending the Statutes of Limitations Based on Requests for Foreign Evidence ("Isle of Man Tolling Order"), suspending the statutes of limitations in this case beginning January 24, 2013 and lasting until Isle of Man authorities take "final action" on the request, not to exceed three years or January 24, 2016.

3.   Netherlands Application and Tolling Order

On July 29, 2015, the government filed, under seal and in camera under Fed. R. Crim. P. 6(e)(6), a thirteen page application, including more than three pages describing the conduct and statutory offenses under investigation, to suspend the running of the statutes of limitations in this investigation based on an April 10, 2014, official request for assistance submitted to authorities of the Kingdom of the Netherlands ("Netherlands Application").  (Def. Ex. 3; Cazares Decl. ¶ 4).  The Netherlands Application was supported by a two page sworn declaration by the prosecutor that: (1) verified the statement of facts summarizing the investigation contained in the application, including description of Fortis Prime Fund Solutions Limited ("Fortis"), the administrator of an offshore fund operated by

4

defendant Ficeto, the Hunter Fund, and that Fortis was later acquired by ABN-AMRO Bank in the Netherlands; (2) enclosed a copy of the April 14, 2014 Netherlands Application; and (3) attached May 16, 2015 correspondence from representatives of the Netherlands that enclosed a USB flash drive containing documents responsive to the request contained in the Netherlands Application.  (Def. Ex. 8; Cazares Decl. ¶ 4).

On July 30, 2015, the Honorable Fernando M. Olguin, United States District Court Judge, issued the Under Seal Findings and Order Suspending the Statutes of Limitations Based on Requests for Foreign Evidence ("Netherlands Tolling Order"), suspending the statutes of limitations in this case beginning April 20, 2014 through the date of final action by authorities of the Netherlands on May 6, 2015.

4.   United Kingdom Application and Tolling Order

On November 24, 2015, the government filed, under seal and in camera under Fed. R. Crim. P. 6(e)(6), a fourteen page application, including more than three pages describing the conduct and statutory offenses under investigation, to suspend the running of the statutes of limitations in this investigation based on an March 18, 2013, official request for assistance submitted to authorities of the United Kingdom ("U.K. Application")  The U.K. Application was supported by a two page sworn declaration by the prosecutor that: (1) verified the statement of facts summarizing the investigation contained in the application, including description of Absolute Capital offices in the United Kingdom, listing of its stock on the London Stock Exchange, and financial institutions in the United Kingdom, including a division of Morgan Stanley, that serviced the Absolute Capital hedge funds; (2) described the March 18, 2013 U.K.

5

Application; and (3) described the receipt of documents responsive to the U.K. Application between January 2014 and August 2015, as well as one request relating to Morgan Stanley that remained outstanding as of the filing of the U.K. Application.  (Def. Ex. 4; Cazares Decl. 5).

On November 30, 2015, the Honorable George H. King, United States District Court Judge, issued the Under Seal Findings and Order Suspending the Statutes of Limitations Based on Requests for Foreign Evidence ("U.K. Tolling Order"), suspending the statutes of limitations in this case beginning March 18, 2013 through the date of final action by U.K. authorities not to exceed a total period of suspension in this case of three years.  (Def. Ex. 4).

    5. <u>Second Swiss Application and Final Tolling Order</u>

On November 6, 2015, the government filed, under seal and in camera under Fed. R. Crim. P. 6(e)(6), a nineteen page application, including four pages describing the conduct and statutory offenses under investigation, to suspend the running of the statutes of limitations in this investigation from the date established in Swiss Tolling Order #1, that is September 19, 2012, through September 18, 2015 due to the fact that Swiss authorities had not yet taken final action on one outstanding request contained in the government's September 19, 2012 request for assistance ("Swiss Application #2"). (Def. Ex. 5; Cazares Decl. ¶ 6).  Swiss Application #2 was supported by a four page sworn declaration by the prosecutor that: (1) verified the statement of facts summarizing the investigation contained in the application; (2) enclosed a copy of the Swiss Application #1; (3) enclosed a copy of Swiss Tolling Order #1 that ordered the suspension of the statutes of limitations in this case beginning September 19,

2012; (4) enclosed correspondence with Swiss authorities supplementing the requests contained in the September 19, 2012 request for assistance; (5) summarized the receipt of documents from Swiss authorities responsive to the government's requests from November 13, 2013 through June 17, 2014; (6) described subsequent communications with Swiss authorities, and enclosed a July 30, 2015 email by the government reiterating a request for records contained in the original September 19, 2012 request, as well as affirmative responses from Swiss authorities agreeing to provide the outstanding records; and (7) affirmed that as of the filing of Swiss Application #2, Swiss authorities had not yet taken final action regarding the outstanding item in the original September 19, 2012 request for assistance referenced in the enclosed July 30, 2015 correspondence with Swiss authorities.  (Def. Ex. 9; Cazares Decl. ¶ 6).

**B.   Defendant Ficeto's Requests for Discovery Related to the Government's Applications to Suspend the Running of the Statutes of Limitations**

In a July 2016 meeting regarding discovery and trial issues in this case, defendant Ficeto asked the government to produce copies of its filings requesting the suspension of the running of the statutes of limitations in this case, including all supporting evidence.  (Ex. 1, September 16, 2016 Letter to Counsel).  On September 16, 2016, the government declined the request due to an absence of any legal basis or authority for the discoverability in a criminal case of such material.  (Id.)  The government advised defendant Ficeto that it would reconsider its decision if presented with legal authority or a reasonable explanation of the necessity of the disclosure of the filings and evidence filed to obtain orders suspending the running of the statutes of limitations in this case.  The government did,

7

however provide defendant with copies of the Swiss Tolling Orders #1 and 2, the Isle of Man Tolling Order, and the Netherlands Tolling Order.  (<u>Id</u>.).

On October 28, 2016, defendant Ficeto renewed his request for the disclosure of the government's applications suspending the running of the statutes of limitations and supporting evidence.  (Ex. 2, October 28, 2016, Letter to the Government).  According to defendant Ficeto, the requested materials were discoverable in order to permit him to "examine the applications that the government made and to test their validity and compliance with the obligations established under [Section 3292]."  (<u>Id</u>.).

On November 16, 2016, the government replied to defendant Ficeto's renewed request and reiterated its conclusion that there was no legal basis for the discoverability of the requested materials.  (Ex. 3, November 16, 2015 Letter to Counsel).  Nonetheless, in order to avoid unnecessary litigation and solely as a matter of discretion, the government provided defendant Ficeto with: (1) a copy of the U.K. Tolling Order that was inadvertently omitted from the disclosure of the tolling orders to defendant in September 2016; and (2) copies of the sworn declarations submitted to the courts in support of the five tolling applications in this case in order to permit defendant Ficeto to examine the evidence submitted in support of each of the respective tolling applications.

**C.   Tolling Agreements Signed by Defendant Ficeto**

The government filed the initial Indictment in this case charging co-defendant Homm with conspiracy, securities fraud, and wire fraud charges on March 19, 2013.  The First Superseding Indictment adding defendant Ficeto and others to the case was filed

on December 2, 2016.  Prior to the filing of the First Superseding Indictment, in order to permit pre-indictment settlement negotiations, defendant signed three agreements with the government suspending the running of the statutes of limitations and related defenses in this case for the time period September 13, 2015 through November 17, 2016.  (Cazares Decl. ¶ 10; Exs. 4, 5, and 6).

**III. ARGUMENT**

Defendant Ficeto asks this Court to unseal and make public confidential filings made in the course of a Grand Jury investigation, and further demands disclosure to him of all communications with foreign authorities, all in relation five orders suspending the running of the statutes of limitations in this case under 18 U.S.C. § 3292 due to requests for assistance in obtaining evidence overseas.  (Def. Brief 1-2, 10).  Defendant Ficeto offers no legal authority supporting the unsealing of the filings ordered sealed under Rule 6(e), or any legal basis for the discoverability of the filings and related government communications with foreign government officials.  Instead, defendant supports his motion by: (a) inferring from facts contained in judicial opinions addressing § 3292 that defendants in those cases must have received discovery related to the government's filings under § 3292; and (b) rationalizing that he cannot make his own "independent assessment" and "test" whether the government has satisfied § 3292 without the requested disclosure. Because defendant Ficeto: (1) has failed to provide any legal authority supporting the unsealing of the government's filings or discoverability of the government's communications with foreign authorities; and (2) the government has already disclosed the sworn

declarations supporting the applications at issue here, defendant's motion should be denied.

### A.   Defendant Ficeto Offers No Authority for Public Disclosure of the Government's Filings Sealed Under Rule 6(e)

"Because the grand jury is an integral part of the criminal investigatory process, these proceedings are always held in secret." United States v. Index Newspapers LLC, 766 F.3d 1072, 1084 (9th Cir. 2014).  Among the justifications for grand jury secrecy is "to assure that individuals who are accused but exonerated are not held to public ridicule." Id.  The secrecy of grand jury proceedings is not absolute, however, and Rule 6(e) permits disclosure upon showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before a grand jury.  Fed. R. Crim. P. 6(e)(3)(E)(ii); see United States v. Fowlie, 24 F.3d 1059, (9th Cir. 1994) (examining exception to grand jury secrecy where there is reason to believe grounds for dismissal exist).  Public disclosure may also be warranted where the harm caused by disclosure is outweighed by the benefit of public access.  See Index Newspapers, 766 F.3d at 1087-88.

Defendant Ficeto makes no effort to justify public disclosure of the government's filings ordered sealed under Rule 6(e).  In fact, the applications filed by the government and supporting evidence, including the requests for assistance to foreign law enforcement authorities, make reference to the participation in the offenses under investigation by persons not charged with any offense conduct, as well as persons ultimately charged with less than is alleged in the government's applications and supporting evidence.  (See Cazares

10

Decl. ¶¶ 2-6).  For these reason alone, defendant Ficeto's motion to unseal the government's filings should be reject.

In addition, the government's tolling applications and supporting evidence also reference personal identification information of subjects of the investigation, including defendant Ficeto, as well as financial institution information and account numbers related to the evidence sought by the government, all of which is inappropriate for public disclosure and contrary to the local rules of the clerk of this court.  (Cazares Decl. ¶ 2-6).

For all of these reasons, defendant Ficeto's motion to unseal the government's tolling applications and supporting evidence should be denied.

**B.   Defendant Cannot Establish that the Requested Filings and Related Communications with Foreign Authorities are Material to Preparing the Defense**

1.   Requirements Under Section 3292

The Ninth Circuit Court of Appeals requires that before a district court may issue an order suspending the running of the statute of limitations for an offense under 18 U.S.C. § 3292, the court "must find by a preponderance of the evidence that (a) an official request has been made for the evidence and (b) it reasonably appears or appeared at the time the request was made that the evidence of the crime is or was in a foreign country."  United States v. Jenkins, 633 F.3d 788, 797-98 (9th Cir. 2011).  The period of suspension of the statute of limitations under § 3292 begins from the submission of the request for assistance to the foreign authority, and runs until final action by the foreign authority on the request, not to exceed a total of three years.  18 U.S.C. 3292(b), (c)(1).  Thus, the three elements necessary for tolling under § 3292 are: (1)

11

an official request for evidence in a foreign country, including the date the request was made; (2) information indicating evidence of the crime is or was in the foreign country; and (3) the date of final action on the request by the foreign authority. See Jenkins at 797-98, 800-801.  The government may satisfy the requirements of § 3292 by submission of "'something with evidentiary value . . . tending to prove it reasonably likely that evidence of the charged offenses is in a foreign country.'"  Id. (quoting United States v. Trainor, 376 F.3d 1325, 1332-34 (11th Cir. 2004).  The Ninth Circuit in Jenkins held that a sworn declaration describing the investigation and information tending to indicate that further evidence of the offenses was abroad satisfied the government's evidentiary burden under § 3292.  Id.

The word evidence as used in Section 3292 has been construed broadly to include testimony, documents, and tangible objects that tend to prove or disprove the existence of an alleged fact, and is not limited to only foreign records, evidence admissible at trial, evidence essential to the bringing of charges, or evidence unavailable in the United States.  See United States v. DeGeorge, 380 F.3d 1203, 1213 (9th Cir. 2004); DeGeorge v. United States Dist. Court, 219 F.3d 930, 937-39 (9th Cir. 2000).

The Ninth Circuit has held that "final action on the request" occurs when there is a dispositive response to each item set out in the official request.  United States v. Bischel, 61 F.3d 1429, 1433 (9th Cir. 1995).  Thus, where the official request asks for the production of documents and certification of those documents, "final action" occurs when there is a dispositive response by the foreign sovereign to both the request for records and for a certification of

authenticity of those records, as both were identified in the "official request." Id. at 434.  In reaching this result, the Ninth Circuit reasoned that pegging "final action" to disposition up or down, of each of the items in the official request provides a more certain benchmark by which to measure whether the action that has been taken is "final" or not.  Id.  Accord United States v. Meador, 138 F.3d 986, 991-94 (5th Cir. 1998).

> 2.   Defendant Ficeto Cannot Show that Disclosure of the Government's Applications and Supporting Evidence is Material to the Defense

Defendant Ficeto attempts to justify his demand for disclosure of the government's applications and supporting evidence, as well as all related communications with foreign authorities, by claiming two bases for disclosure.  Defendant initially asserts that cases addressing § 3292 reference facts that must have resulted from disclosure of the government's filings and supporting evidence.  Def. Brief 9.  Because none of the cases cited by defendant even discuss the issue of whether the § 3292 applications and supporting evidence are discoverable under Rule 16 or other legal authority, this claim should be rejected.

Next, defendant Ficeto attempts to argue that disclosure is necessary to the preparation of the defense by asserting that he can only test the veracity of the government's evidence submitted in support of its § 3292 applications with disclosure of the filings and disclosure of all related communications with foreign authorities. Def. Brief 1, 9.  This claim also fails for several reasons.

First, the declarations filed in support of the government's § 3292 applications, without the attached exhibits, have already been provided to defendant.  The sworn declarations disclosed to defendant

13

satisfy each of the requirements for a district court to issue an order suspending the statutes of limitations, that is, they: (a) establish that official requests for assistance were made by describing and/or attaching the requests; (b) describe the factual bases to believe evidence would be found in the subject foreign country and in some instances enclosed supporting records; and (c) described the date the requests were submitted and what and when action had been taken by foreign authorities. See Jenkins, 633 F.3d at 797-98. Because a sworn declaration establishing the requirements of § 3292 is all that is required by the Ninth Circuit Court of Appeals, the government has already disclosed sufficient information for defendant to determine whether the § 3292 applications had sufficient evidentiary bases. Id.

Second, defendant proffers no evidence or other information to suggest that the facts set forth in the declarations already disclosed to him are untrue or inaccurate to warrant not just disclosure of the filings, but an order requiring the government to disclose all related communications with foreign law enforcement authorities. Defendant attempts to establish the necessity of disclosure of the filings and related communications based on pure speculation that that government counsel may have falsely stated under oath: (1) that the government had submitted official requests for assistance to foreign authorities when it had not, and apparently attached false documents to reflect this; (2) that records established the reasonable likelihood that evidence was likely to be located overseas, and attached false documents reflecting this in some instances; and/or (3) the dates when documents were received from foreign authorities, or that final action had not yet been taken

14

because some requests remained outstanding.  This sort of speculation and request for disclosure amounts to nothing but a fishing expedition and falls far short of a material basis for the preparation of the defense under Rule 16 or other legal authority.

Thirdly, defendant suggests the § 3292 applications may be flawed for failure to file the applications before the indictment is returned.  Def. Brief 7.  Defendant again already possesses the evidence establishing that Swiss Tolling Application #1 was filed on March 12, 2013, and Swiss Tolling Order #1 was issued, one week before the initial indictment was filed against co-defendant Homm as reflected in the documents attached to defendant's motion.  (See Def. 1 and 6).  All other applications and orders attached to defendant Ficeto's motion were filed by the government and issued by the respective courts before defendant Ficeto was charged in this case in December 2015.

For all of these reasons, defendant Ficeto's motion for disclosure of the government's § 3292 applications and supporting evidence, as well as all related communications with foreign authorities, should be denied.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to unseal the § 3292 filings in this case, and for disclosure of the same filings and related communications with foreign authorities.

15

**DECLARATION OF STEPHEN A. CAZARES**

I, Stephen A. Cazares, declare as follows:

    1.   I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California and one of the prosecutors representing the government in this case.

    2.   On March 12, 2013, the government filed, under seal and in camera under Fed. R. Crim. Proc. 6(e), an eighteen page application to suspend the running of the statutes of limitations in this investigation based on a September 19, 2012 official request for assistance submitted to authorities of the Swiss Confederation ("Swiss Application #1).  The Swiss Application #1 included a more than three page description of the conduct and statutory offenses under investigation which are reproduced at pages 3-6 of the March 12, 2013 Under Seal Findings and Order Suspending the Running of the Statutes of Limitations Based on Requests for Foreign Evidence enclosed as exhibit 1 to defendant's motion to unseal the government's § 3292 filings in this case.  Swiss Application #1 includes allegations of involvement in the securities fraud and related offense conduct by persons who were not ultimately charged by the Grand Jury with such conduct.  Swiss Application #1 also enclosed exhibits that reflect personal identification information of subjects, a tax filing with unredacted personal identification information by an individual not charged in this case, as well as financial records reflecting account numbers and activity, all to establish that evidence in this case would be located in Switzerland.

    3.   On May 13, 2013, the government filed, under seal and in camera under Fed. R. Crim. P. 6(e)(6), a sixteen page application to

suspend the running of the statutes of limitations in this investigation based on a January 24, 2013 official request for assistance submitted to authorities of the Isle of Man ("Isle of Man Application").  The Isle of Man Application included a more than three page description of the conduct and statutory offenses under investigation which are reproduced at pages 3-7 of the May 13, 2013 Under Seal Findings and Order Suspending the Running of the Statutes of Limitations Based on Requests for Foreign Evidence enclosed as exhibit 2 to defendant's motion to unseal the government's § 3292 filings in this case.  The Isle of Man application includes allegations of involvement in the securities fraud by persons who were not ultimately charged by the grand jury with such conduct.  The Isle of Man Application also enclosed exhibits that reflect personal identification information of subjects, identification of persons connected to the offense conduct but not charged with any crimes by the grand jury, and identified Fortis Prime Fund Solution Isle of Man as the administrator to the Absolute Capital hedge funds at issue in the investigation and enclosed an email communication between a representative of the administrator and Absolute Capital to demonstrate that evidence would be located in the Isle of Man.

4.   On July 29, 2015, the government filed, under seal and in camera under Fed. R. Crim. P. 6(e)(6), a thirteen page application to suspend the running of the statutes of limitations in this investigation based on an April 10, 2014, official request for assistance submitted to authorities of the Kingdom of the Netherlands ("Netherlands Application").  The Netherlands Application included a more than three page description of the conduct and statutory offenses under investigation which are reproduced at pages 3-6 of the

July 30, 2015 Under Seal Findings and Order Suspending the Running of the Statutes of Limitations Based on Requests for Foreign Evidence enclosed as exhibit 3 to defendant's motion to unseal the government's § 3292 filings in this case.  The Netherlands Application included allegations of involvement in the securities fraud by persons who were not ultimately charged by the grand jury with such conduct.  The Netherlands Application also enclosed exhibits that reflect personal identification information of subjects and correspondence from authorities in the Netherlands dated April 9, 2014 that enclosed a USB flash drive containing records of Fortis Prime Solutions Limited that was later acquired by ABN-AMRO Bank, which later became ABN-Amro Services (BVI) Limited, that were responsive to the government's request.

5.   On November 24, 2015, the government filed, under seal and in camera under Fed. R. Crim. P. 6(e)(6), a fourteen page application to suspend the running of the statutes of limitations in this investigation based on an March 18, 2013, official request for assistance submitted to authorities of the United Kingdom ("U.K. Application").  The U.K. Application included a more than three page description of the conduct and statutory offenses under investigation which are reproduced at pages 3-6 of the November 30, 2015 Under Seal Findings and Order Suspending the Running of the Statutes of Limitations Based on Requests for Foreign Evidence enclosed as exhibit 4 to defendant's motion to unseal the government's § 3292 filings in this case.  The U.K. Application included allegations of involvement in the securities fraud by persons who were not ultimately charged by the grand jury with such conduct.  The U.K. Application was supported by a two page sworn declaration by the

3

prosecutor that: (1) verified the statement of facts summarizing the investigation contained in the application, including description of Absolute Capital offices in the United Kingdom, listing of its stock on the London Stock Exchange, and financial institutions in the United Kingdom, including a division of Morgan Stanley, that serviced the Absolute Capital hedge funds, all to establish that evidence would be located in the U.K.; (2) described the March 18, 2013 U.K. Application; and (3) described the government's receipt of documents responsive to the U.K. Application between January 2014 and August 2015, as well as one request relating to Morgan Stanley that remained outstanding as of the filing of the U.K. Application on November 24, 2015.

6.    On November 6, 2015, the government filed, under seal and in camera under Fed. R. Crim. P. 6(e)(6), a nineteen page application to suspend the running of the statutes of limitations in this investigation from the date established in Swiss Tolling Order #1, that is September 19, 2012, through September 18, 2015 due to the fact that Swiss Authorities had not yet taken final action on one outstanding request contained in the government's September 19, 2012 request for assistance ("Swiss Application #2"). Swiss Application #2 included a more than three page description of the conduct and statutory offenses under investigation which are reproduced at pages 3-7 of the December 2, 2015 Under Seal Findings and Order Suspending the Running of the Statutes of Limitations Based on Requests for Foreign Evidence enclosed as exhibit 5 to defendant's motion to unseal the government's § 3292 filings in this case. Swiss Application #2 included allegations of involvement in the securities fraud by persons who were not ultimately charged by the grand jury

4

with such conduct.  Swiss Application #2 was supported by a four page sworn declaration by the prosecutor that: (1) verified the statement of facts summarizing the investigation contained in the application; (2) enclosed a copy of the Swiss Application #1; (3) enclosed a copy of Swiss Tolling Order #1 that ordered the suspension of the statutes of limitations in this case beginning September 19, 2012; (4) enclosed correspondence with Swiss authorities supplementing the requests contained in the September 19, 2012 request for assistance; (5) summarized the receipt of documents from Swiss authorities responsive to the government's requests from November 13, 2013 through June 17, 2014; (6) described subsequent communications with Swiss authorities, and enclosed a July 30, 2015 email by the government reiterating a request for records contained in the original September 19, 2012 request, as well as affirmative responses from Swiss authorities agreeing to provide the outstanding records; and (7) affirmed that as of the filing of Swiss Application #2, Swiss authorities had not yet taken final action as to one outstanding item contained in the original September 19, 2012 request for assistance referenced in the enclosed July 30, 2015 correspondence with Swiss authorities.

7.    Attached hereto as exhibit 1 is a true and correct copy of the government's September 16, 2016 letter responding to defendant Ficeto's request for disclosure of the government's § 3292 filings and related documents.

8.    Attached hereto as exhibit 2 is a true and correct copy of an October 28, 2016 letter from defendant Ficeto to the government renewing his request for disclosure of the government's § 3292 filings and related documents.

9.    Attached hereto as exhibit 3 is a true and correct copy of the government's November 16, 2016 letter to defendant Ficeto addressing his renewed requests for disclosure of the government's § 3292 filings and related documents.  Attached to this letter were copies of the declarations filed by the government in support of each of the five applications requesting the suspension of the statutes of limitations under § 3292 in this case.

10.    The government filed the initial Indictment in this case charging co-defendant Homm with conspiracy, securities fraud, and wire fraud charges on March 19, 2013.  The First Superseding Indictment adding defendant Ficeto and others to the case was filed on December 2, 2016.  Prior to the filing of the First Superseding Indictment, in order to permit pre-indictment settlement negotiations, defendant Ficeto signed three agreements with the government suspending the running of the statutes of limitations and related defenses in this case for the time period September 13, 2015 through November 17, 2016.  True and correct copies of each of the above-referenced agreements executed by defendant Ficeto are attached hereto as exhibits 4, 5, and 6.

I declare under penalty of perjury that the above is true and correct.  Executed in Los Angeles, California, on December 20, 2016

/s/ Stephen A. Cazares
_____
STEPHEN A CAZARES