1  Gary S. Lincenberg - State Bar No. 123058
       glincenberg@birdmarella.com
2  Thomas V. Reichert - State Bar No. 171299
       treichert@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
   Attorneys for Defendant
7  Todd Michael Ficeto

8

9                  **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

| | |
|---|---|
| 12  UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-00183 VAP |
| 13              Plaintiff, | **Defendant Todd Ficeto's Motion In Limine To Exclude Testimony From Certain Government Witnesses; Declaration of Thomas V. Reichert** |
| 14         vs. | |
| 15  FLORIAN WILHELM JURGEN HOMM, TODD MICHAEL FICETO, COLIN HEATHERINGTON, and CRAIG HEATHERINGTON, | Date:   June 4, 2019 Time:   10:30 a.m. Crtrm.: 8A |
| 16 | |
| 17              Defendants. | |
| 18 | |

19        PLEASE TAKE NOTICE THAT, on June 4, 2019, at 10:30 a.m., or as soon

20  thereafter as this matter may be heard, in Courtroom 8A, located at 350 West 1st

21  Street, Los Angeles, California, defendant Todd Ficeto will, and hereby does, move

22  *in limine* for an order precluding the government from calling three separate

23  witnesses at trial:  William ("Pat") Wright; Mike Petron; and Matthew Daniel.

24        This motion is based on the grounds that none of these three witnesses will

25  offer testimony that is relevant to a count against Mr. Ficeto in the First Superseding

26  Indictment.  Thus, (1) Mr. Wright was employed by FINRA, which is not a

27  government agency, and none of the charges against Mr. Ficeto involve allegations

28  of wrongdoing involving his interactions with FINRA; (2) Mr. Petron is offered as a

summary witness to establish what proportion of the Absolute Capital hedge funds' portfolios constituted the micro-cap stocks in question, but the statutes under which Mr. Ficeto is charged do not require a showing of loss, making this testimony irrelevant; and (3) Mr. Daniel was on the investment committee of a hedge fund in New York that invested in the Absolute Capital hedge funds and apparently lost money.  But, again, the counts against Mr. Ficeto do not require the jury to find that there was any loss incurred, and there is no representation in the indictment that any misrepresentations were made to Mr. Daniel (or his hedge fund), so his testimony would be irrelevant.  The information is not relevant.  To the extent it is deemed relevant, should also be excluded under Federal Rule of Evidence 403 because its probative value would be substantially outweighed by the danger of confusing the issues and would result in a waste of time, as Mr. Ficeto would be required to engage in extensive cross-examination regarding the other investments by the hedge funds and the calculations of losses by the hedge funds and the investors.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Thomas V. Reichert, the entire record herein, and such further briefing and argument as the Court may hear.

DATED:  May 21, 2019

Gary S. Lincenberg
Thomas V. Reichert
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
        Thomas V. Reichert
    Attorneys for Defendant Todd Michael
    Ficeto

2

## MEMORANDUM OF POINTS AND AUTHORITIES

The government has provided Mr. Ficeto with a proposed witness list that includes 19 witnesses.  (The testimony of one, Mr. James Cangiano, is deal with in a separate motion in limine.)  Three of the people on the list should be excluded because the testimony it appears they will offer is not relevant to the charges against Mr. Ficeto and also would have a tendency to confuse the jury and waste time.

**A.      William ("Pat") Wright.**

The government intends to call Pat Wright as a witness.  Mr. Wright was employed by the Financial Industry Regulatory Authority ("FINRA") as an examiner.  FINRA is an industry self-regulatory organization ("SRO"); it is not a government agency.

In 2007, Mr. Wright, on behalf of FINRA, conducted a routine examination of Hunter World Markets.  It appears that the government intends to introduce evidence of Mr. Wright's examination at HWM, as well as the conclusions that he reached, as part of its case against Mr. Ficeto.

This evidence should be excluded because it is not relevant to any of the actual charges against Mr. Ficeto.  The First Superseding Indictment ("FSI") charges Mr. Ficeto with two counts involving omissions relating to investigations, but both involve investigations by the SEC, which is a government agency, and not FINRA, which is not.  Thus, Count 34 charges obstruction of justice under 18 U.S.C. § 1001.  It alleges that "[o]n or about May 24, 2008 … Ficeto … [impeded] an SEC examination and investigation … by making and causing to be made false and misleading statements to representatives of the SEC…."  [FSI ¶ 119.]  It goes on the state that he also "conceal[ed] from SEC representatives Hunter World's receipt of securities trading instructions from ACMH using the secret Windows IM system not preserved by Hunter World or produced to the SEC by Hunter World or defendant Ficeto in response to FINRA and SEC written requests for such communication."  [*Id.*]  The charge here is plain – Mr. Ficeto did not disclose

1  certain things to the SEC as part of its investigation in May 2008.[1]  Interactions with

2  FINRA are not relevant.

3        County 35, another charge under 18 U.S.C. § 1001, similarly involves an

4  omission of information to the SEC.  In this instance, it involves the allegation that

5  Mr. Ficeto failed to disclose the existence of a foreign bank account in response to a

6  questionnaire that he filled out before he was questioned in September 2008 by the

7  SEC.

8        In both instances, the alleged wrongdoing involved omitting information as

9  part of communications with the SEC.  There is no charge in the FSI where false

10  information to FINRA is an element of the cause of action.

11        Mr. Wright's testimony should be excluded because it is not relevant to the

12  charges that the government has brought against Mr. Ficeto.  To the extent it is

13  relevant, it should be excluded under Federal Rule of Evidence 403, because "its

14  probative value is substantially outweighed by a danger of … confusing the issues,

15  misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

16  evidence."  Here, the government has listed 19 witnesses on its witness list.  Mr.

17  Wright's testimony is at best tangential to the government's case and at worst highly

18  confusing.  The government's charge is that Mr. Ficeto omitted information in

19  dealing with the SEC.  Testimony regarding his dealings with a FINRA

20  representative – who is not a government employee and for which a § 1001 charge

21  would not apply – would pose a danger of confusing the issues (whether statements

22  Mr. Ficeto made to Mr. Wright are part of the government's case), undue delay (Mr.

23  Wright's testimony is not directly relevant to any of the government's charges), and

24  would waste time (the government estimates its case will take 2-3 weeks of time).

25        Mr. Wright's testimony is not relevant to any charge against Mr. Ficeto and

26  _____

27  [1]   While paragraph 119 mentions FINRA, this is mere surplusage; the obstruction
of justice charge is that Ficeto failed to disclose certain information to the SEC
28  while the SEC was conducting its examination in May 2008.

1  should be excluded.

2  **B.     Mike Petron.**

3         The government's witness list includes an individual named Mike Petron,

4  who we are informed is a government contractor who is described as being a

5  "summary witness relating to the valuation of penny stock holdings in the [Hedge]

6  Funds[' portfolios]."  From discussion with the government, we understand that he

7  will be providing testimony that calculates the values in the hedge funds of the

8  stocks that the government charges were wrongfully manipulated (i.e., what

9  percentage of each fund the securities comprised).

10        Such evidence should be excluded because it is irrelevant.  Further, it should

11  be excluded because it has little probative value, and any value is far outweighed by

12  the potential prejudice such data could instill.

13        The main thrust of the government's case is that absent defendants Florian

14  Homm and Colin Heatherington, who were located in Europe and employed by

15  Absolute Capital, conspired with Todd Ficeto, a stock broker located in California,

16  to artificially inflate the values of various stocks that were owned by certain hedge

17  funds managed by Absolute Capital, which resulted in an artificial inflation of the

18  portfolio values of the hedge funds while also being financially beneficial to the

19  three defendants.

20        The government has charged Todd Ficeto under a number of statutes.  These

21  include securities fraud, wire fraud, and conspiracy, relating to the manipulation of

22  the price of the micro-cap securities; Investment Advisor fraud, relating to purchases

23  of those securities by a hedge fund, the Hunter Fund, that was indirectly run by Mr.

24  Ficeto; money laundering and unlawful monetary transactions, relating to the

25  disposition of the proceeds of the alleged scheme; and obstruction of justice

26  involving the SEC, relating to the SEC's subsequent investigation.  Notably, not one

27  of the charges includes as an element the need for the government to show actual

28  loss on the part of the alleged victim (the hedge funds).  As a result, testimony about

1  what percentage of the hedge funds' respective portfolios can be attributed to the
2  various stocks in question is irrelevant.

3       The government's charges relating to the hedge funds are Counts 1 and 2
4  through 8.  Count 1 charges conspiracy under 18 U.S.C. § 1349 to violate the
5  securities fraud statute (18 U.S.C. § 1348) and the wire fraud statute (18 U.S.C.
6  § 1343). Counts 2 through 8 charge more targeted violations of the securities fraud
7  statute, 18 U.S.C. § 1348.

8       Section 1348 provides:

9       Whoever knowingly executes, or attempts to execute, a scheme or artifice—

10          (1) to defraud any person in connection with … any security of

11          an issuer with a class of securities registered under section 12 of

12          the Securities Exchange Act of 1934 (15 U.S.C. 78l) or that is

13          required to file reports under section 15(d) of the Securities

14          Exchange Act of 1934 (15 U.S.C. 78o(d)); or

15          (2) to obtain, by means of false or fraudulent pretenses,

16          representations, or promises, any money or property in

17          connection with the purchase or sale of … any security of an

18          issuer with a class of securities registered under section 12 of the

19          Securities Exchange Act of 1934 (15 U.S.C. 78l) or that is

20          required to file reports under section 15(d) of the Securities

21          Exchange Act of 1934 (15 U.S.C. 78o(d));

22      shall be fined under this title, or imprisoned not more than 25 years, or both.[2]
23  Section 1343, the wire fraud statute, provides in pertinent part:

24          Whoever, having devised or intending to devise any scheme or artifice

25          to defraud, or for obtaining money or property by means of false or

26  _____

27  [2]   The government has not indicated whether it is proceeding under subsection (1)
28  or (2).

                                  4

1        fraudulent pretenses, representations, or promises, transmits or causes

2        to be transmitted by means of wire, radio, or television communication

3        in interstate or foreign commerce, any writings, signs, signals, pictures,

4        or sounds for the purpose of executing such scheme or artifice, shall be

5        fined under this title or imprisoned not more than 20 years, or both.

6  In neither instance does a conviction require a showing of loss by the investor.  As a

7  result, testimony regarding the composition of each hedge fund's portfolio is

8  irrelevant.

9        Furthermore, even if it could be found somehow to be relevant, it should be

10 excluded under Rule 403.  Any relevance would be substantially outweighed by the

11 potential prejudice.  First, it would be highly prejudicial testimony.  Based on the

12 statements made in the indictment, and in other pre-trial materials, it appears the

13 government will argue that the amount of loss is in excess of $200 million.

14 However, that is a highly misleading figure and introducing such evidence will only

15 open an enormous can of worms.  The evidence suggests that the hedge funds held

16 shares of many illiquid securities, across many countries, other than the ones that the

17 government uses as the basis for its securities fraud case against Mr. Ficeto.  If the

18 government introduces evidence regarding the portfolios of the hedge funds, and

19 information about certain stocks being overvalued, Mr. Ficeto will be required to

20 challenge that assumption and to cross-examine Mr. Petron on all of the other

21 securities that the hedge funds held, whether they were illiquid, how the hedge funds

22 closed their positions in this stocks, whether the hedge funds made or lost money on

23 those investments, whether they fit within the investment guidelines of the hedge

24 fund, etc.  Data regarding the portfolios is not directly relevant to the charges against

25 Mr. Ficeto, but if that door is opened, it has to be opened fully.  This will result in an

26 enormous waste of time for an unnecessary purpose.  Since it is not relevant to any

27 element of any charge, it should be avoided and the testimony should be excluded.

28

5

C.      **Matthew Daniel.**

The government has included Matthew Daniel on its witness list.  Mr. Daniel was employed by Sciens Hedge Fund Management in New York, NY.  Sciens was a hedge fund that invested in certain of the Absolute Capital hedge funds.  The nature of Mr. Daniel's testimony is uncertain, except that, as an investor, it appears that he is going to testify regarding Sciens' investment in the hedge funds and resulting losses.

For the same reasons addressed regarding Mr. Petron, Mr. Daniel's testimony is not relevant to the charges against Mr. Ficeto.  Mr. Ficeto has never met Mr. Daniel.  And whether any investor in any hedge fund lost money, and the amount of any such loss, is not an element of any of the counts against Mr. Ficeto.  Indeed, the government charges that there was a scheme to defraud that involved the investments in the various U.S. micro-cap companies.  Mr. Daniel was unaware that the hedge funds had invested in any such companies – except in early years, like other hedge fund companies Absolute Capital did not disclose to its investors the companies that it was investing in.

While any testimony regarding his investment and loss would not be relevant to the securities fraud and wire fraud charges against Mr. Ficeto, allowing it would, again, require Mr. Ficeto to challenge the basis of any such claimed loss.  As mentioned, the hedge funds invested in numerous small companies in countries across Europe, Asia and Australia, as well as in the United States.  Testimony that attributes any loss amount to conduct by Mr. Ficeto will have to be challenged, because it is likely that, once the hedge funds decided to quickly liquidate their investments, their losses were often attributable to this decision.  Furthermore, by the time the hedge funds began to liquidate their holdings, the Great Recession had begun, which led to a huge decline in markets worldwide.  Any testimony by Mr. Daniel about Sciens' investments and losses would thus devolve into a long challenge to whether such losses are fairly attributable to Mr. Ficeto.  Given the

1  limited probative value of such testimony, the danger of confusing the jury and

2  unnecessary delay should be obvious.

3         Mr. Daniel's testimony adds nothing.  It is not relevant to any element of any

4  claim against Mr. Ficeto, and the dangers that it poses to the efficient prosecution of

5  this trial strongly argue for it to be excluded.

6  **D.      CONCLUSION**

7         For the foregoing reasons, the testimony of Mr. Wright, Mr. Petron, and Mr.

8  Daniel should all be excluded because none of it is relevant to any element of any

9  count against Mr. Ficeto.

10

11  DATED:  May 21, 2019              Respectfully submitted,

12                                   Gary S. Lincenberg
13                                   Thomas V. Reichert
                                     Bird, Marella, Boxer, Wolpert, Nessim,
14                                   Drooks, Lincenberg & Rhow, P.C.

15

16

17                                   By:  _____
18                                             Thomas V. Reichert
                                     Attorneys for Defendant Todd Michael
19                                   Ficeto

20

21

22

23

24

25

26

27

28

## DECLARATION OF THOMAS V. REICHERT

I, Thomas V. Reichert, declare as follows:

1.      I am an active member of the Bar of the State of California and a Principal with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A Professional Corporation, attorneys of record for Defendant Todd Michael Ficeto in this action.  I make this declaration in support of Defendant Todd Ficeto's Motion In Limine To Exclude Testimony From Certain Government Witnesses; Declaration Of Thomas V. Reichert.  Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2.      As part of our trial preparation efforts, on May 7, 2019, the government provided to me a draft witness list that included, *inter alia*, Mr. Matthew Daniel; Mr. Mike Petron, who is described as a "Summary Witness Relating to the Valuation of Penny Stock Holdings in the Funds"; and "Mr. William ('Pat') Wright (FINRA Examination)."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on May 21, 2019, at Los Angeles, California.

_____
Thomas V. Reichert

8

Defendant Todd Ficeto's Motion In Limine To Exclude Testimony From William ("Pat") Wright